IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

```
ANGELA TUCKER,                   *
                                 *
            Plaintiff,           *
vs.                              *      No. 4:10-cv-0909-SWW
                                 *
                                 *
ENTERGY ARKANSAS, INC.,          *
                                 *
            Defendant.           *
```

## ORDER

Angela Tucker, a white female, brought this action against her employer, Entergy Arkansas, Inc. (Entergy), alleging race and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Entergy moved for summary judgment and this Court, by Memorandum and Order dated June 1, 2011 [doc.#18] granted Entergy's motion for summary judgment and entered judgment dismissing this action. Tucker did not appeal.

Now before the Court is Entergy's Bill of Costs [doc.#20] seeking reimbursement in the total amount of $1,371.72 for the following expenses it states were necessarily incurred in the defense of this action: $1,215.10 for fees for printed or electronically recorded transcripts; and $156.62 for fees and disbursements for printing. Tucker has not responded in opposition to Entergy's Bill of Costs. Having considered the matter, the Court finds that Entergy's Bill of Costs should be and hereby is approved as submitted.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and

interpreters.  Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).  *See also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (noting that when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure'").  "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'"  *Id.  See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007) (a prevailing party is presumptively entitled to recover all of its costs and the losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion).

Tucker has not argued or otherwise met her burden of showing that the award of costs sought by Entergy is inequitable under the circumstances or that this Court's actions constitute an abuse of discretion.

IT IS THEREFORE ORDERED that Entergy be awarded $1,215.10 for fees for printed or electronically recorded transcripts and $156.62 for fees and disbursements for printing, for a total of $1,371.72.

Dated this 25th day of July 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE